# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
August 13, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LARRY JOHNSON,**
**Claimant Below, Petitioner**

**vs.)** **No. 13-0443** (BOR Appeal No. 2047776)
(Claim No. 2010117574)

**CITY OF SOUTH CHARLESTON,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Larry Johnson, by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. City of South Charleston, by Bradley A. Crouser, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 2, 2013, in which the Board affirmed a September 26, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 26, 2011, decision denying Mr. Johnson's request to add sciatica, lumbosacral neuritis, and lumbosacral spondylosis as compensable conditions of the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Johnson worked as a mechanic for the City of South Charleston. On December 14, 2009, he slipped on a wet floor and fell on his lower back and shoulder. Mr. Johnson was treated for this injury three days later at Thomas Memorial Hospital. An x-ray taken at the time showed no evidence of a fracture of the lumbar spine, and Mr. Johnson was diagnosed with a lumbar sprain and a right shoulder sprain. The claims administrator held Mr. Johnson's injury compensable for those conditions. Initially, Mr. Johnson was treated with physical therapy, but it

1

did not improve his condition. Mr. Johnson then came under the care of Marsha Bailey, M.D., who had an MRI taken of Mr. Johnson's lumbar spine on February 17, 2010. The MRI revealed no significant abnormalities or lumbar disc herniations, but Dr. Bailey found that Mr. Johnson had inflammation in his lower back which caused sciatica. Rakesh Wahi, M.D., then evaluated Mr. Johnson and found that he had reached his maximum degree of medical improvement with respect to his compensable injury. Mr. Johnson then came under the care of Francis Saldanha, M.D., who found that he was suffering from low back pain. Dr. Saldanha requested that sciatica, lumbosacral neuritis, and lumbosacral spondylosis be added as compensable conditions of the claim. Dr. Saldanha's request was submitted to James Dauphin, M.D., and Rebecca Thaxton, M.D., who, in separate reports, both found that the requested additional conditions were not causally related to the compensable injury. Dr. Thaxton specifically noted that lumbosacral spondylosis was a degenerative condition. On September 26, 2011, the claims administrator denied the request to add sciatica, lumbosacral neuritis, and lumbosacral spondylosis as compensable conditions. Marietta Babayev, M.D., then examined Mr. Johnson. She found that he complained of constant low back pain radiating into his left lower extremity, but she found that his range of motion and straight leg raise tests provided no evidence of ongoing problems. Prasadarao B. Mukkamala, M.D., also reviewed Mr. Johnson's records and recommended against adding the requested conditions to the claim. Dr. Mukkamala noted that sciatica was not a proper diagnosis but was merely a descriptive complex. He also found that lumbosacral spondylosis was a naturally occurring degenerative condition which would not be causally related to the compensable injury. Finally, Dr. Mukkamala found that there was no clinical evidence of lumbosacral neuritis. On September 26, 2012, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges on April 2, 2013, leading Mr. Johnson to appeal.

The Office of Judges concluded that sciatica, lumbosacral neuritis, and lumbosacral spondylosis were not compensable conditions of the claim. In reaching this determination, the Office of Judges relied on the records review of Dr. Mukkamala. The Office of Judges adopted Dr. Mukkamala's findings regarding Mr. Johnson's request to add sciatica and lumbosacral spondylosis as compensable conditions. The Office of Judges also found that the February 17, 2010, MRI indicated that there was no damage to Mr. Johnson's lumbar spine which could cause neuritis or radiculitis. The Office of Judges determined that there was no clinical evidence supporting the addition of neuritis as a compensable condition. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Johnson has not demonstrated that the requested additional conditions are causally related to his December 14, 2009, injury. The evidence in the record indicates that Mr. Johnson's injuries were limited to a lumbar sprain and right shoulder sprain. Dr. Wahi's independent medical evaluation further demonstrates that Mr. Johnson has reached his maximum degree of medical improvement with respect to his injury. There is no objective evidence in the record supporting the addition of sciatica, lumbosacral neuritis, and lumbosacral spondylosis as compensable conditions. The Office of Judges provided justified reasons for not adding the conditions, and the record supports its findings.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  August 13, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum